Denis J. Moriarty (Bar No. 106064)
dmoriarty@hbblaw.com
Bevin A. Berube (Bar No. 227965)
bberube@hbblaw.com
HAIGHT BROWN & BONESTEEL LLP
555 South Flower Street, Forty-Fifth Floor
Los Angeles, California 90071
Telephone:  213.542.8000
Facsimile:  213.542.8100

Attorneys for Plaintiff HUDSON SPECIALTY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| HUDSON SPECIALTY INSURANCE COMPANY, | Case No. '20CV0852 BEN RBB |
|---|---|
| Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF** |
| v. | |
| SCOTT HOFER, an individual; FLOR HOFER, an individual; and LEVI HOFER, a minor, | |
| Defendants. | |

Plaintiff, Hudson Specialty Insurance Company ("Hudson Specialty"), pursuant to Federal Rules of Civil Procedure Rule 57 and the Uniform Declaratory Judgments Act, respectfully alleges as follows:

**JURISDICTION**

1.  This Court has subject matter jurisdiction over this action under 28 U.S.C. section 1332(a)(2) because there is complete diversity of jurisdiction between the parties.  Plaintiff Hudson Specialty is a New York corporation with its principal place of business in New York.  Defendants Scott Hofer, Flor Hofer, and

Levi Hofer are citizens of the State of California. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

## VENUE

2. Venue is proper in this judicial district pursuant to 28 U.S.C. section 1391(a) because a substantial part of the events giving rise to this action occurred in this district.

## THE PARTIES

3. Hudson Specialty is, and at all times relevant herein was, an insurance company incorporated under the laws of the State of New York and with its principal place of business in New York City, New York.

4. Defendants Scott Hofer, Flor Hofer and Levi Hofer are individuals who reside in and are citizens of the State of California, County of San Diego. Scott Hofer is the named insured under a Comprehensive Personal Liability policy of insurance issued by Hudson Specialty.

5. Hudson Specialty is informed and believes and thereon alleges that at all times mentioned herein each of the defendants was the agent of each of the other defendants, and was, at all material times, acting within the scope of such agency, and at all times mentioned herein each of the defendants has ratified all of the acts of the remaining defendants, and each of them.

## FACTUAL ALLEGATIONS

### The Underlying Lawsuit

6. On November 14, 2019, Dakota Hatmaker and Frank Hatmaker. filed an action in San Diego County Superior Court, *Dakota H., et al. v. Scott Hofer, et al.*, San Diego County Superior Court Case No. 37-2019-00060472-CU-PO-CTL ("Hatmaker Action"). A copy of the Hatmaker Action complaint is attached hereto as Exhibit "1"

7. The complaint in the Hatmaker Action alleges causes of action for 1) Negligence (against all defendants), 2) Negligent Entrustment (against Scott Hofer

and Flor Hofer), 3) Motor Vehicle Negligence (against Levi Hofer), and 4) Premises Liability (against Scott Hofer and Flor Hofer)..

8. Scott Hofer, Flor Hofer and Levi Hofer are named as defendants in the Hatmaker Action.

9. In the Hatmaker Action, Dakota Hatmaker and Frank Hatmaker allege that they were injured as follows:

> "(14) On June 1, 2019, Plaintiffs DAKOTA H., fourteen years old, and FRANK H., twelve years old, were invited to the subject property.
>
> (15) On June 1, 2019, Defendant FLOR HOFER was present on the subject property, along with her son, Defendant LEVI H. Defendant FLOR HOFER permitted Defendant LEVI H. to drive Plaintiffs in a Willys Jeep, California License Plate number 5WCR174, owned by Defendant ERNEST HOFER (hereinafter "subject vehicle).
>
> (16) Upon information and belief, Defendant LEVI H. was thirteen years old as of June 1, 2019, and did not possess a valid California Driver License or Provisional Instruction Permit.
>
> \*   \*   \*
>
> (20) Plaintiffs were passengers in the subject vehicle driven by Defendant LEVI H.  Defendant LEVI H. negligently and recklessly drove the vehicle and lost control, causing the vehicle  to veer off of the path, launch into the air, and crash into a tree.
>
> (21) As a result of the incident, Plaintiff DAKOTA H. was trapped in the vehicle and suffered physical injuries including, but not limited to, injuries to his skull, brain, ear, spine, chest, arm, leg, and ankle, as well as physical, emotional and mental trauma.
>
> (22) As a result of the incident, Plaintiff FRANK H. was ejected from the vehicle and suffered physical injuries including, but not limited to,

HU96-0000546
13374921.1

3
COMPLAINT FOR DECLARATORY RELIEF

injuries to his spine, hips, arm, and ankle, as well as physical, emotional and mental trauma. Immediately following the crash, Plaintiff FRANK H. helped pull his brother, Plaintiff DAKOTA H., from the vehicle resulting in additional mental and emotional trauma."

10. Dakota Hatmaker and Frank Hatmaker allege that Scott Hofer, Flor Hofer and Levi Hofer are liable to them for their injuries, and they seek general and special damages; costs of suit, etc.

**The Hudson Specialty Insurance Policy**

11. Hudson Specialty Insurance Company issued Comprehensive Personal Liability Policy No. PPL00005723-00 to named insured Scott Hofer, with a policy period of August 8, 2018 to August 8, 2019 ("Hudson Specialty Policy"). Flor Hofer and Levi Hofer are insureds by definition under the Hudson Specialty Policy. A true and correct copy of the Hudson Specialty Policy is attached hereto as Exhibit "2".

12. The coverage grant of the Hudson Specialty Policy states:

**"COVERAGE L — PERSONAL LIABILITY**

If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury", "personal injury", or "property damage" caused by an "occurrence" to which this coverage applies, we will:

1. pay up to our limit of liability for the damages for which the "insured" is legally liable. Damages include prejudgment interest awarded against the "insured" on that part of the judgment we pay.

2. provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the "occurrence" equals our limit of liability.

\*   \*   \*

**COVERAGE M — MEDICAL PAYMENTS TO OTHERS**

We will pay the necessary medical expenses that are incurred or medically ascertained within three years from the date of an accident causing "bodily injury". Medical expenses means reasonable charges for medical, surgical, x-ray, dental, ambulance, hospital, professional nursing, prosthetic devices and funeral services. This coverage does not apply to you or regular residents of any part of the premises except "residence employees". As to other, this coverage applies only:

1. to a person on the "insured location" with the permission of an "insured";…"

13. The Hudson Specialty Policy further contains the following exclusions from coverage:

"**EXCLUSIONS**

1. Coverage L — Personal Liability and Coverage M — Medical Payments to Others do not apply:

\*   \*   \*

e. To "bodily injury" or "property damage" arising out of:

(1) The ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an "insured";

(2) the entrustment by an "insured" of a motor vehicle or any other motorized land conveyance to any person; or

(3) vicarious liability, whether or not statutorily imposed, for the actions of a child or minor using a conveyance excluded in paragraph (1) or (2) above."

14. Scott Hofer, Flor Hofer and Levi Hofer tendered the defense and indemnity of the Hatmaker Action to Hudson Specialty. Hudson Specialty has agreed and undertaken the defense of Scott Hofer, Flor Hofer and Levi Hofer in the

Hatmaker Action subject to a full and complete reservation of rights dated January 24, 2020.

15. Hudson Specialty contends that pursuant to Exclusion 1.e. in the Hudson Specialty Policy, the defense of Scott Hofer, Flor Hofer and Levi Hofer and/or any damages awarded to Dakota Hatmaker and Frank Hatmaker in the Hatmaker Action are not covered by the Hudson Specialty Policy.

## FIRST CAUSE OF ACTION
## FOR DECLARATORY RELIEF
**(28 U.S.C. §§2201, et seq.)**

16. Hudson Specialty incorporates by reference the allegations contained in paragraphs 1 through 15, inclusive, as though fully set forth at length herein.

17. An actual controversy exists between Hudson Specialty and the defendants herein, and each of them, in that Hudson Specialty contends that there is no coverage or potential for coverage of the Hatmaker Action under the Hudson Specialty Policy because the Hudson Specialty Policy excludes coverage for personal liability and medical payments to others for "bodily injury" arising out of: "(1) The ownership, maintenance, use…of motor vehicles or all other motorized land conveyances…owned or operated by or rented or loaned to an "insured"; (2) the entrustment by an "insured" of a motor vehicle or any other motorized land conveyance to any person; or (3) vicarious liability, whether or not statutorily imposed, for the actions of a child or minor using a conveyance excluded in paragraph (1) or (2) above."

18. Hudson Specialty is informed and believes and thereon alleges that the defendants, and each of them, contends to the contrary and contends affirmatively that coverage does attach under the Hudson Specialty Policy for defense, liability and damages in the Hatmaker Action.

19. Hudson Specialty requests a judicial determination regarding the respective rights, duties and obligations of the parties with regard to the Hudson

1  Specialty Policy in relation to the Hatmaker action.

2      20.    A present and actual controversy exists and a judicial determination is
3  both necessary and appropriate at this time in order that Hudson Specialty may
4  ascertain its rights, obligations and liabilities, if any, with reference to the Hudson
5  Specialty Policy.

## PRAYER

WHEREFORE, Hudson Specialty prays for judgment against defendants, and each of them, as follows:

1. For an order and entry of a declaratory judgment that Hudson Specialty Insurance Company has no obligation to defend any person or party in relation to the Hatmaker Action;

2. For an order and entry of a declaratory judgment that Hudson Specialty Insurance Company has no obligation to indemnify any person or party in relation to the Hatmaker Action;

3. For an order and entry of a declaratory judgment that Hudson Specialty Insurance Company has no obligation to contribute with any person or party in relation to the Hatmaker Action;

4. For costs of suit incurred in this action; and

5. For such other and further relief as the court deems proper.

Dated: May 6, 2020        HAIGHT BROWN & BONESTEEL LLP

By:   /s/ Bevin A. Berube
Denis J. Moriarty
Bevin A. Berube
Attorneys for Plaintiff HUDSON SPECIALTY INSURANCE COMPANY.