UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUDSON SPECIALTY INSURANCE COMPANY,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SCOTT HOFER, an individual; FLOR HOFER, an individual; and LEVI HOFER, a minor,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 3:20-cv-00852-BEN-RBB<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS**<br><br>[Doc. 9] |

This matter comes before the Court on Defendants Scott Hofer, Flor Hofer, and Levi Hofer's Motion to Stay. Plaintiff Hudson Specialty Insurance Company ("HSIC") opposes the stay. For the reasons set forth below, the motion is denied without prejudice.

**I.  Background**

On November 14, 2019, Defendants were sued in state court (the "underlying action") by Dakota H. and Frank H., through their guardian ad litem, Lynn Hatmaker. Compl., ECF No. 1, Ex. 1. The underlying action alleges negligence, negligent entrustment, motor vehicle negligence, and premises liability. *Id*. When the accident occurred, Defendant Scott Hofer was insured by HSIC through a Comprehensive Personal Liability policy. Compl., ECF No. 1, ¶ 4. The Hofers tendered the defense and

indemnity of the underlying action to HSIC, and thereafter HSIC began defending the Hofers in the underlying action subject to a Reservation of Rights that was sent on January 24, 2020.  *Id*. at ¶ 14; Opp'n., ECF No. 9, Ex. 1.

HSIC commenced this action on May 6, 2020, requesting declaratory relief holding it is not required to defend the Hofers in the underlying action.  On May 29, 2020, the Hofers filed this motion requesting the Court stay proceedings until the underlying action is completed.

## II.   Legal Standard

The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, which provides federal courts with jurisdiction in cases between citizens of different states where the amount in controversy exceeds $75,000.00.  Under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies state substantive law and federal procedural law.  "The effect of a stay is simply to delay the trial for some period of time.  It does not affect the substantive rights and duties of the litigants, and, therefore, under *Erie*… the question is one of federal law." *Great Am. Assurance Co. v. M.S. Industrial Sheet Metal, Inc.*, No. SACV-11-754-JST, 2011 WL 13228037, at *2 (C.D. Cal. Sep. 22, 2011) (quoting *Herron v. Keene Corp.*, 751 F.2d 873, 875 (6th Cir. 1985) (per curium); *see also N. River Ins. Co. v. Leffingwell AG Sales Co.*, No. CV-F-10-2007-LJO-MJS, 2011 WL 304579, at *5 n.3 (E.D. Cal. Jan. 27, 2011) (applying federal law to determine whether to stay a declaratory relief action in a duty to defend case).

Moreover, "[a] district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants."  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  In determining whether a stay is appropriate, a federal court considers (1) "the possibility damage may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and

questions of law which could be expected to result from a stay." *Id.* (citing *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). The burden is on the moving party to establish a stay is appropriate. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

**III.   Discussion**

The Hofers argue a stay will not cause harm to HSIC, avoids putting the Hofers in the situation of having to litigate "the same factual and liability issues in two separate actions," and "is appropriate because it will ensure consistent factual determinations." Mot., ECF No. 9, 7-9.  HSIC objects to each of these points. Opp'n., ECF No. 10. The Court addresses each factor below.

**A. Possibility of damage resulting from a stay**

HSIC argues a stay will cause damage by forcing it to continue defending a case in which it purportedly does not owe a defense. Opp'n., ECF No. 10. There is no dispute that the Hofers, in asking for this stay, will not be harmed by one.

Other courts in this circuit have concluded that delaying a determination of an insurer's coverage obligations does not constitute damage under the factors set forth in *Landis*. *See e.g., Safeco Ins. Co of Am. v. Nelson*, 20-cv-0211-MMA-DEB, 2020 WL 3791675, at *4-5 (S.D. Cal. Jul. 7, 2020) *and Zurich Am. Ins. Co. v. Omnicell, Inc.*, No. 18-CV-05345-LHK, 2019 WL 570760 (N.D. Cal. Feb. 12, 2019). These courts reasoned that because the duty to defend is both an obligation of insurers and a "cost of doing business," a stay in these circumstances does not equate to damage. The Court finds this reasoning persuasive and adopts it here. HSIC does not allege other harm that will result from a stay. Accordingly, this factor weighs in favor of granting the requested stay.

**B. Hardship or inequity a party may suffer**

The Court must next consider "the hardship or inequity which a party may suffer in being required to go forward." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis*, 299 U.S. at 254). The Hofers argue that without a stay, they will be "in the position of having to simultaneously litigate the same factual and liability issues in two separate actions." Mot., ECF No. 9, 7. HSIC avers, arguing the cases involve

independent issues and that "the objection of a 'two-front war' is insufficient to justify a stay." Opp'n., ECF No. 10, 6-9.

"[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112. While the court in *Nelson* found the coverage dispute at issue there was complex and involved multiple underlying state actions, that is not the case here. Instead, this case presents the distinguishable "less complicated insurance dispute over a single insurance policy and the applicability of a single exclusion." *Nelson*, 2020 WL 3791675, at *5 (citing *Great Am. Assurance Co.*, 2011 WL 13228037, at *2). Because the two cases here involve different issues and do not present the same complexity at issue in *Nelson*, the Court finds the Hofers have failed to demonstrate sufficient hardship for proceeding in this case. This factor counsels against a stay.

### C. The orderly course of justice

The final factor the Court must weigh is "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer*, 398 F.3d at 1110 (quoting *CMAX*, 300 F.2d at 268). The Hofers contend that there are numerous factual issues this Court will be required to determine if this case proceeds, and that judicial economy would be best served by awaiting resolution of those issues in the underlying action. Mot., ECF No. 9, 8; Reply, ECF No. 11, 5-6. HSIC argues the "question of whether or not HSIC has a duty to defend and indemnify can be determined now as a matter of law." Opp'n., ECF No. 10, 9. Either party may be correct, but the result is that a stay is not appropriate now. *See Sentry Ins. A Mut. Co. v. Provide Commerce, Inc.*, No. 14-cv-2868-BAS-WVG, 2016 WL 1241553, at *6 (S.D. Cal. Mar. 30, 2016) (declining to issue a stay but doing so without prejudice to allow discovery to proceed where a summary judgment motion may later be appropriate on limited grounds).

HSIC's Reservation of Rights, spanning some fifteen pages, boils down to whether one exclusion operates to preclude coverage. Opp'n., ECF No. 9, Ex. 1. The Hofers

nonetheless argue that this relatively straightforward question may be subject to significant factual disputes. The prudent course of action, promoting both judicial economy and the efficient resolution of cases, is therefore to proceed with discovery. Accordingly, this factor weighs against a stay.

### IV.   Conclusion

Considering the foregoing factors, the Court finds Defendants have not met their burden of proving a stay is warranted at this time. The joint motion is hereby **DENIED without prejudice.**

**IT IS SO ORDERED.**

Date: August 21, 2020

_____
HON. ROGER T. BENITEZ
United States District Judge