UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUDSON SPECIALTY INSURANCE COMPANY,<br><br>                          Plaintiff,<br>v.<br><br>SCOTT HOFER, an individual; FLOR HOFER, an individual; and SUZANNE WADSWORTH, Guardian ad Litem for L.H., a minor,<br><br>                          Defendants. | Case No.: 20-cv-0852-BAS-RBB<br><br>**ORDER GRANTING JOINT MOTION FOR APPROVAL OF MINOR'S SETTLEMENT**<br><br>[Doc. No. 55] |

      Plaintiff Hudson Specialty Insurance Company ("Hudson" or "plaintiff") brought this action against defendants Scott and Flor Hofer and their minor child, L.H. (hereafter "Scott", "Flor", "L.H." or collectively "defendants") seeking declaratory judgment as to Hudson's rights and duties related to the defense of a state action tort suit against defendants. *See generally* Doc. No. 32. On December 8, 2021, the parties informed the Court that they reached a settlement. *See* Doc. No. 46. Pursuant to Civil Local Rule 17.1(a), the parties seek the Court's approval of the proposed settlement. On January 3, 2022, the Honorable Cynthia Bashant conferred jurisdiction to the undersigned for limited purpose of approving the minor's compromise. *See* Doc. No. 53.

Now before the Court is the parties' Joint Motion for Approval of Minor's Settlement (hereafter "Joint Motion" or "Jt. Mot."). *See generally* Doc. No. 55. The Joint Motion is supported by the parties' settlement agreement and a completed Judicial Council form MC-350. The court has carefully reviewed the Joint Motion and the supporting documents. For the reasons stated below, the Joint Motion is **GRANTED**.

## I.  BACKGROUND

### A.  The Underlying Action

This action arises out of an incident on June 1, 2019, when Scott allowed L.H. to drive a Jeep with two minor passengers. *See* Doc. No. 32 at 2-4, 11-20. L.H. lost control of the vehicle, causing it to roll over. *Id*. The two minor passengers sustained multiple and serious injuries in the crash. *Id*. On November 14, 2019, the injured minor passengers and their parents sued defendants for damages caused by the accident (hereafter the "Underlying Action"). *Id*.

Hudson provided defendants with a defense of the Underlying Action "pursuant to a reservation of rights to file a declaratory relief action declaring that Hudson had no duty to defend the Underlying Action." Jt. Mot. at 2. Ultimately, Hudson paid $999,998.00 on behalf of defendants to settle the Underlying Action (which was within the insurance policy limit), subject to the reservation of rights. *Id*. at 3, 11. In return, plaintiffs in the Underlying Action dismissed the action and all claims against defendants were released. *Id*.

### B.  The Instant Declaratory Relief Action

Following resolution of the Underlying Action, Hudson filed the instant action, seeking a declaratory judgment that it had no duty to defend or indemnify defendants in the Underlying Action. *See generally* Doc. No. 32. Hudson argued that the terms of Scott's Comprehensive Personal Liability Policy (hereafter "Policy") excluded payments for bodily injury arising out of operation or ownership of a motor vehicle, entrustment of a motor vehicle to another, or vicarious liability for the actions of a minor child using a motor vehicle, and that the accident that gave rise to the Underlying Action was within the scope of one or more of these exclusions. In addition to declaratory judgment, Hudson sought

reimbursement from defendants for sums paid as indemnity in the Underlying Action. *See Id.* at 8. By operation of the Policy's terms, L.H. was an insured under the Policy, and was "sued as a nominal defendant in order that the judgment would be binding on all insureds." *See* Jt. Mot. at 29-30.

## C.     The Parties' Settlement

The Joint Motion and supporting papers reflect that the parties have agreed Hudson will pay a total of $65,000 directly to defendants' counsel for attorney's fees, expert expenses, and costs incurred from defending this action, and the parties will exchange mutual releases of all past and present claims related to the declaratory relief or reimbursement of sums paid as indemnity in the Underlying Action, and any other related claim. Jt. Mot. at 12-14. The parties also agree to file a Joint Motion to dismiss the declaratory action pursuant to this Court's approval of the settlement. *Id*. at 3.

## II.  LEGAL STANDARDS

District Courts have a duty to safeguard the interests of minors in litigation. *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983); *see also* Fed. R. Civ. P. 17(c) (requiring district courts to "appoint a guardian ad litem…to protect a minor or incompetent person who is unrepresented in an action"). Where the parties settle an action involving a minor litigant, the Court must "'conduct its own inquiry to determine whether the settlement serves the best interest of the minor.'" *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza,* 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also* CivLR 17.1(a) (providing that "[n]o action by or on behalf of a minor or incompetent will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment."). The Court must conduct this inquiry "even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem." *Salmeron*, 724 F.2d at 1363 (citation omitted).

Where, as here, a federal court exercises diversity jurisdiction over the minor plaintiffs' state law claims, the settlement should be evaluated with reference to applicable state law. *See DeRuyver v. Omni La Costa Resort & Spa, LLC*, No. 3:17-cv-0516-H-AGS,

2020 WL 563551, at *2 (S.D. Cal. Feb. 4, 2020) (citation omitted); *accord Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (insurance contracts are interpreted under state law).

Under California law, the court must determine whether the compromise is "in the minor's best interests." *Goldberg v. Superior Court*, 23 Cal. App. 4th 1378, 1382 (1994). Although this case is somewhat unusual in that the minor litigant is not an injured plaintiff but a nominal defendant, the Court concludes that the overarching concerns of fairness and due consideration of the minor's interests are still applicable. With these principles in mind, the Court addresses the proposed settlement.

## III. DISCUSSION

**A.     The Settlement is Reasonable and in the Minor's Best Interests**

As stated in the Joint Motion and completed proposed settlement, plaintiff has agreed to dismiss the declaratory relief action with prejudice, pay defendants' counsel $65,000, and exchange mutual releases of all claims. Jt. Mot. at 12. These released claims include the claims for declaratory relief, the reimbursement claims for the defense and settlement in the Underlying Action, and any other related claim. *Id*. at 13. Pursuant to Section 3500 of California Probate Code, the payment to defendants' counsel will be delivered for the benefit of the minor.

The parties state that they believe the settlement is within the best interests of the minor, because it removes the uncertainty of trial and provides finality to the dispute without any financial obligation on L.H.'s part. *See id*. at 3, 5. The Court agrees, and finds that the proposed settlement is fair and in the best interest of the minor.

First, the Court considers the timing of the settlement agreement. Here, the parties reached a settlement after completing fact and expert discovery and were close to filing dispositive motions. *Id*. at 3. L.H. and his parents, and their counsel, were well-informed of the facts in support of, and undermining, their defenses at the time of settlement. The Court therefore concludes defendants made a well-informed decision to settle.

///

In addition, this settlement was reached after the Underlying Action was resolved. According to the agreement, the parties agree to dismiss the action with prejudice, exchange mutual release of claims, and waive rights and benefits afforded by California Civil Code Section 1542. Thus, once this settlement is approved, L.H. is relieved of any ongoing or latent liability arising out of the accident, which is within L.H.'s best interest.

Second, the Court considers the negotiation process. Throughout this litigation, the parties have engaged in arm-lengths negotiations in which L.H. was represented by counsel. There is nothing before the Court to suggest any evidence of coercion or an unfair negotiation process. The Court concludes that L.H. and his counsel had a fair opportunity to negotiate the terms of the settlement.

Third, the Court considers the benefit of the payment. Here, the settlement authorizes plaintiff to pay defendants' counsel directly for the benefit of all defendants including L.H. Since the Joint Motion does not reflect any outstanding sums other than the attorney's fees and costs, which total $65,000, L.H. and his parents would not need to pay additional funds. Thus, the payment is reasonable.

Fourth, the Court looks at similar cases. The parties and the Court alike have been challenged to find cases addressing the fairness of a minor's compromise on facts similar to those at bar - i.e., where the minor litigant is a nominal defendant who was not injured and does not stand to receive a monetary payout from the proposed settlement. Nevertheless, the few cases the Court has reviewed support the Court's finding that the proposed settlement is in L.H.'s best interest.

In *Escondido Union School District v. Chandrasekar,* No. 18-cv-02873-JLB-NLS, 2019 WL 3945356 (S.D. Cal. August 21, 2019), the court reasoned that the settlement agreement proposing to only pay minor defendant's attorneys' costs was within the best interest of the minor for the foregoing reasons. First, the agreement settled a related action in state court. *See id.*, at *8. Second, the settlement payment relieved the defendants from paying attorneys' fees incurred. *Id*. Third, both parties exchanged general releases of
///

1 claims. *Id*. Fourth, due to the uncertainty of litigation, it was unclear whether defendants would have been the prevailing party and therefore, recover fees. *Id*.

The settlement agreement in the case at hand is analogous to the terms in *Chandrasekar*. Here, similarly, the terms of the settlement relieve all the defendants from all attorney's fees, claims related to this action, and the uncertainty of litigation. In fact, here, the settlement is in a better position, because as mentioned above, the Underlying Action was resolved before this agreement was formed. Jt. Mot. at 11. Thus, this settlement is not contingent on another pending action.

In *D.G. v. Antioch Unified School District*, No. 19-cv-01576-HSG, 2019 WL 4838693 (N.D. Cal. October 1, 2019), the court reasoned that the settlement proposing to only pay the parents' attorney fees incurred in pursuing minor's rights was within the best interest of the minor due to the uncertainty of litigation and defendant complying with a decision in an underlying action. There, the defendant agreed to pay minor and his parents' attorney's fees incurred while pursuing his rights. *See id*., at *2. In exchange, the minor plaintiff and his family were to release any claims related to the issue. Here, similarly, Hudson agreed to pay for L.H. and his parents' attorney's fees that were incurred while defending his rights.

Additionally, L.H. has no financial obligation to plaintiff relating to the Underlying Action because plaintiff has already paid for representation and settled the Underlying Action within the policy limits. Jt. Mot. at 11. Considering that plaintiff is no longer seeking reimbursement for representation and settlement in the Underlying Action and has agreed to pay the defendants' attorney's fees, the Court finds that the settlement is reasonable and within the best interest of the minor.

///
///
///
///
///

**CONCLUSION AND ORDER**

For the above reasons, and upon consideration of the facts of the case, the Court concludes that the settlement is fair and reasonable, and in the minor's best interests. The Joint Motion for Approval of Minor's Settlement [Doc. No. 55] is **GRANTED**.

Dated: February 25, 2022

Hon. Karen S. Crawford
United States Magistrate Judge